UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GREG GAMACHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:11-CV-55 |
| v. ) | *Mattice / Lee* |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is the motion of Greg Gamache ("Gamache") to proceed *in forma pauperis* [Doc. 1]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Gamache has submitted a complaint [Doc. 2] alleging that some 40,000 people, 15,000 of whom have contacted the Federal Bureau of Investigation ("FBI") and Federal Communications Commission ("FCC") for help, have been the victims of "electronic weapons." Plaintiff alleges that these weapons "operate from a distance," and can be used to injure and kill by emitting frequencies through walls and buildings. Plaintiff further alleges that the use of these weapons is a federal crime because many occurrences "happen from out of state with long range devices." According to the complaint, the weapons are being used "by government employees[] on whistleblowers, undesirables, or persons of interest." Plaintiff alleges that electronic weapons have killed three persons. Plaintiff seeks injunctive relief ordering the FBI and FCC to investigate future reports by victims of electronic weapons.

The applicable statute, 28 U.S.C. § 1915, allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that she is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), however, a district court may dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S. at 324. A claim may be dismissed as frivolous if it is based on a meritless legal theory or if its factual contentions are clearly baseless. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (explaining that a judge reviewing a pauper's complaint has "the unusual power to pierce the veil of the complaint's factual allegations" and to disregard "fantastic or delusional" assertions). I **CONCLUDE** that Gamache has failed to state a colorable, justiciable claim, and I therefore do not reach the merits of his pauper's application.

First, even construing the complaint in the most liberal light, Gamache lacks standing to assert a claim against the defendants. To establish standing, a plaintiff must show (1) an "injury in fact" that is "concrete and particularized" as opposed to "conjectural or hypothetical"; (2) that the injury is "fairly traceable" to the defendant's action; and (3) that it is "likely" that the injury can be redressed by the relief the plaintiff seeks. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010). Furthermore, the plaintiff must assert "his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982). Even accepting all Gamache's factual contentions, Gamache has not shown that he has been personally injured by the FBI's failure to investigate the use of electronic weapons. Furthermore, to the extent that Gamache

rests his claim on the possibility of future electronic weapon use, the complaint is unripe. *See Williams v. Redflex Traffic Systems, Inc.*, 582 F.3d 617, 621 (6th Cir. 2009) (holding that a plaintiff cannot challenge the adequacy of administrative "procedures she has not experienced," which "would amount to non-justiciable 'litigation by hypothetical'").

Second, even if Gamache could clear this first hurdle, his complaint fails to state a claim on which relief can be granted. The Court finds, in light of "judicial experience and common sense," that Ray has not alleged a "plausible" factual basis for relief. *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-30 (6th Cir. 2009) (*citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Instead, Gamache's allegations smack of the "fantastic." *See Hill*, 630 F.3d at 471.

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B).[1]

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

This document contains hyperlinks to other documents. Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy. Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation. The Court does not endorse the content of, or any provider of, any document maintained by any other public or private organization.